UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOYCE E. ROWLEY, ) | Civil Action No.: 4:06-1873-TLW-TER |
| ) | 4:07-1636-TLW-TER |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| CITY OF NORTH MYRTLE BEACH, ) | |
| and JOHN SMITHSON, City Manager; ) | |
| JOEL DAVIS, Assistant City Manager; ) | |
| KEVIN BLAYTON, Public Works ) | |
| Director, individually and in their ) | |
| representative capacities as employees ) | |
| of the City of North Myrtle Beach; ) | |
| PLANNING AND DEVELOPMENT ) | |
| DIRECTOR for the City of North Myrtle ) | |
| Beach; and CATHY E. MADDOCK as ) | |
| Personal Representative of the Estate of ) | |
| Douglas Maddock; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.      INTRODUCTION**

Presently before the Court are Defendants' Motion to Dismiss or for Sanctions (Document #s 65, 165)[1], Defendants' Motion for Sanctions (Document #s 155, 260) and Defendants' Motion to Dismiss or for Sanctions (Document #s 168, 272). Defendants move to dismiss this case pursuant to Rule 41(b), Fed.R.Civ.P., or for dismissal or sanctions pursuant to Rule 37(d), Fed.R.Civ.P., alleging that Plaintiff has failed to prosecute her case or to participate meaningfully in discovery and that her conduct has been abusive throughout this litigation. Because Plaintiff is proceeding pro se, she was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to

---

[1] The first number listed reflects the document number in 4:07-1636, the lead case. The second number reflects the document number in 4:06-1873.

respond to the Motions to Dismiss could result in dismissal of her Complaint. Plaintiff timely responded to each of the motions.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the district judge.

### III.    FACTUAL AND PROCEDURAL HISTORY

Defendants filed their first Motion to Dismiss or for Sanctions on November 27, 2007, based on the following actions by Plaintiff:

- assertion of "inappropriate objections" to each of the discovery requests served on her by Defendants on November, 27, 2006;
- arguing with the Court that its order requiring her to respond to Defendants' discovery requests was "incredibly unfair;"
- other "contumacious" conduct of Plaintiff previously brought to the Court's attention;
- failure to comply with this Court's order compelling her to respond to Defendants' discovery within 20 days of the hearing;
- "wholly insufficient" responses when she did respond to the discovery requests;
- "specious" objections to Defendants' Requests for Production;
- offering to allow Defendants to pay the costs of copying and shipping seven boxes of documents and then refusing when Defendants made arrangements to do so;
- repeatedly filing "frivolous" motions;
- challenging the Court's procedures for obtaining subpoenas; and

- accusing the undersigned of partiality.

In addition to this conduct, Plaintiff has failed to appear for her deposition three times. Defendants first served Plaintiff with a Notice of her deposition on December 14, 2007. The deposition was scheduled for January 22, 2008. Defendants served an amended Notice of Deposition on December 17, 2007, notifying Plaintiff that the deposition would be videotaped. Defendants sent another amended Notice of Deposition on December 31, 2007, rescheduling Plaintiff's deposition for January 24, 2008. Three days prior to the date of her deposition, Plaintiff informed defense counsel that she would not be able to attend the deposition due to work obligations.

On January 23, 2008, Plaintiff filed a Motion to Quash (Document #s 81, 182) the Notice of Deposition, arguing that defense counsel decided to videotape her deposition in an attempt to intimidate and harass her. Defendants filed a Motion to Compel (Documents # 89, 191) the deposition and for an extension of the discovery deadline to take the deposition.

On May 30, 2008, the undersigned issued an Order (Document # 131, 233) denying Plaintiff's Motion to Quash and granting Defendants' Motion to Compel and for an Extension of Time. The undersigned extended the discovery deadline to allow Defendants thirty days from the date of the Order[2] to take Plaintiff's deposition.

On June 10, 2008, Defendants noticed Plaintiff's deposition for June 26, 2008. Plaintiff received the notice on June 14, 2008. On June 9, 2008, Plaintiff filed Objections (Document # 143, 244) to the undersigned's Order denying the Motion to Quash and granting the Motion to Compel and for Extension of Time. She simultaneously filed a Motion to Stay (Document # 144, 245) the requirements in the May 30, 2008, Order pending a ruling on her Objections to that Order. On June

---

[2]Or, by June 30, 2008.

-3-

25, 2006, Judge Wooten issued an Order (Document # 152, 257) overruling Plaintiff's Objections. The undersigned issued an Order (Document # 153, 258) denying Plaintiff's Motion to Stay, but extending the deadline to depose Plaintiff twenty days from the date of the Order[3], and requiring Defendants to provide Plaintiff with at least ten days notice of her scheduled deposition. Defense counsel received a letter from Plaintiff three days prior to her deposition stating, "I apologize for not writing sooner. I was ill all of last week and through the weekend and began new work this week. In any event, this is to notify you that I will not be able to attend the deposition. I will send a copy of this letter by email so you may cancel the court reporter and videographer." Ex. 3 to Defendants' Motion for Sanctions (Document #s 155, 260). Defendants filed their second Motion for Sanctions based upon Plaintiff's failure to attend this deposition.

On June 26, 2008, defense counsel sent Plaintiff yet another Notice of Deposition, scheduling her deposition for July 11, 2008. Plaintiff received the Notice of June 28, 2008. Defense counsel, Christopher Johnson, Esq., submits an declaration in which he avers that Plaintiff failed to communicate with any member of his office regarding her refusal to appear for her deposition. Johnson Dec. at ¶ 3 (attached to Defendants' Motion to Dismiss or for Sanctions (Document #s 168, 272)). However, Plaintiff submits a copy of an email she sent to Mr. Johnson and his co-counsel, Derwood L. Aydlette, III, on July 9, 2008, at 5:51 p.m. stating, "[t]his is to inform you that I cannot attend the deposition you scheduled for July 11, 2008 without prior conferral or confirmation." Ex. 2 to Plaintiff's Response (Document #s 187, 288). Plaintiff also submits what appears to be an automated response to her email to Mr. Adylette, sent July 9, 2008, at 5:51 p.m., informing her that her message was blocked by an anti-spam system pending the verification of her identity. Ex. 3 to

---

[3]Or, by July 15, 2008.

Plaintiff's Response. The email provides a link for Plaintiff to follow to verify her identity and warns her that her email would be deleted if she did not verify her identity within four days. Plaintiff asserts in her response that she "responded to D.L. Adylette's 'Choicepoint' response" on July 10, 2008.[4]

On July 11, 2008, Plaintiff filed a Notice of Appeal (Document #s 164, 268) of Judge Wooten's Order overruling her Objections to the undersigned's May 30, 2008, Order. She also filed another Motion to Stay (Document #s 166, 270) pending a ruling on her Appeal.

Mr. Johnson appeared for Plaintiff's deposition on July 11, 2008, and waited "nearly an hour" for Plaintiff to appear. Johnson Dec. at ¶ 4. Plaintiff did not appear, and the deposition was adjourned. When Mr. Johnson returned to his office on the afternoon of July 11th, he received by mail Plaintiff's Notice of Appeal and Motion to Stay. Defendants filed their third motion, the Motion to Dismiss or for Sanctions, based on Plaintiff's third failure to appear for her deposition.

## III.  DISCUSSION

### A.    Rule 41(b) and Rule 37(d), Fed.R.Civ.P.

Rule 41(b), Fed.R.Civ.P, allows for the involuntary dismissal of an action "if the plaintiff fails to prosecute or comply with [the rules of procedure] or a court order." In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and, (4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978).

---

[4] Plaintiff appears to be referring to the automated, anti-spam message as the "Choicepoint" response. It is not clear from her statement whether she responded to the automated email or followed the link in the email to verify her identity.

The Court has authority to sanction a party for failure to comply with the discovery process pursuant to Rule 37(d), Fed.R.Civ.P. To impose sanctions under Rule 37, a court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir.2001).

Because Plaintiff is proceeding pro se in this matter she is solely responsible for her actions in this case. Furthermore, it appears from the evidence in the record that Plaintiff has acted in bad faith by failing to appear for her deposition on three separate occasions. Defense counsel notified Plaintiff on several occasions in November of 2007 that he wished to depose Plaintiff during the week of January 21, 2008, or the week of January 28, 2008, and asked her to advise him when she would be available during that time. See Exs. 3, 4, 5 to Defendants' Response to Motion to Quash (Document #s 88, 190). Plaintiff waited almost a month before responding to defense counsel's inquiry and even then she declined to identify exactly when she would be available, saying only that "I may be available the last two weeks of January." Ex. 6 to Defendants' Response to Motion to Quash (Document # 88, 190).

Plaintiff was given almost a month's notice for the first deposition. The amended[5] Notice of Deposition was sent on December 31, 2007, and the deposition was scheduled for January 24, 2008. Plaintiff waited until three days prior to January 24, 2008, to notify defense counsel that she could not attend the deposition due to work obligations. See Ex. 7 to Defendants' Response to Motion to

---

[5] The original notice was sent on December 14, 2007, for the deposition scheduled on January 22, 2008.

Quash (Document #s 88, 190). She did not offer any alternative dates on which she would be available. Plaintiff was on notice as early as November of 2007 that defense counsel wished to depose her at some point during the last two weeks of January. Thus, her failure to cooperate with defense counsel and provide dates on which she would be available, to make herself available during that time period or to provide ample notice that she could not attend the scheduled deposition are all evidence of bad faith.

After the undersigned denied Plaintiff's Motion to Quash and compelled Plaintiff to attend her deposition within thirty days of the date of the Order, or by June 30, 2008, defense counsel again noticed Plaintiff's deposition, this time for June 26, 2008. Plaintiff received the Notice on June 14, 2008. Less than a week before the scheduled deposition, Plaintiff again notified defense counsel that she would not attend her deposition. She provided no reason for her failure to attend.[6] She also offered no alternative times for when she would be available. Plaintiff's failure to make herself available for her June 26, 2008, deposition, knowing that this court had ordered that her deposition take place on or before June 30, 2008, is evidence of bad faith.

The day after the district judge upheld this court's ruling denying Plaintiff's motion to quash and compelling Plaintiff to attend her deposition, defense counsel noticed Plaintiff's deposition for a third time. In denying her Motion to Stay, the undersigned extended the deadline for Plaintiff's deposition by twenty days, until July 15, 2008. Plaintiff received the Notice on June 28, 2008, and

---

[6]In her Response (Document # 187, 288) to Defendants' Third Motion to Dismiss or for Sanctions, Plaintiff asserts that she did give a reason for her inability to attend. Her letter states, "I apologize for not writing sooner. I was ill all of last week and through the weekend and began new work this week. In any event, this is to notify you that I will not be able to attend the deposition." The way the letter is written, Plaintiff's statement that she "began new work this week" is an explanation for why she did not write earlier. If she meant for it to be an explanation for why she could not attend her deposition, she was not clear.

the deposition was scheduled for July 11, 2008. Less than two days before the deposition was to occur, Plaintiff emailed counsel and stated, "[t]his is to inform you that I cannot attend the deposition you scheduled for July 11, 2008 without prior conferral or consultation." Ex. 2 to Plaintiff's Response to Defendants' Third Motion to Dismiss or for Sanctions (Document # 187, 288). Plaintiff again offered no explanation for her inability to attend nor offered any other dates for when she would be available to be deposed. Plaintiff apparently takes issue with defense counsel's failure to confer with her prior to scheduling the deposition. However, as noted above, when defense counsel did seek Plaintiff's input as to her availability for her first scheduled deposition, she waited almost a month to respond and still provided no specific dates for when she would be available. Under the circumstances of this case and given the time constraints for scheduling Plaintiff's deposition for a third time, defense counsel was justified in scheduling the deposition without Plaintiff's input.

Plaintiff's actions clearly indicate that she has no intention of appearing for her deposition even though the undersigned has compelled her to do so and the district judge upheld that ruling. Plaintiff's latest attempt to avoid sitting for her deposition, by filing an appeal of the district judge's order, is more evidence of her bad faith. Plaintiff is well aware that this type of ruling does not give rise to an interlocutory appeal, having previously cited to 28 U.S.C. § 1292 in an attempt to appeal an earlier order of this court. See Plaintiff's Motion to Amend Order (Document # 35, 130). Her appeal of this most recent discovery ruling is frivolous and is evidence of her penchant for proceeding in a dilatory manner in this action.

Defendants are greatly prejudiced by Plaintiff's actions in this case. Plaintiff's failure to provide documents to Defendants after defense counsel made arrangements for her to do so at their cost, her improper objections to Defendants' interrogatories, and, most important, her repeated refusal

to appear for her deposition, prevent Defendants from discovering the relevant facts of the case and preparing their case.[7] The deposition of a plaintiff is an essential part of the discovery process. It allows a defendant to gather facts, gain an understanding of the plaintiff's view of the case, and evaluate the demeanor of the plaintiff, among other things. A defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process. Plaintiff's repeated refusal to appear for her deposition, and her continued efforts to prevent her deposition from being taken, has severely frustrated Defendants' attempts to move forward with this case.[8]

Of course, the need for deterrence of this type of conduct is great. Plaintiff has repeatedly failed to comply with orders of this court and has complained that the court's rulings as applied to her are unfair. This court has provided Plaintiff numerous opportunities to participate in this action in an appropriate manner. Plaintiff's actions demonstrate "a pattern of indifference and disrespect to the authority of the court." See Mutual Federal Savings & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). As stated by the Fourth Circuit, "[i]n such cases, not only does the noncomplying party jeopardize [the] adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." Id. (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) ; Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir. 1977)).

---

[7] Plaintiff has failed to appear for her deposition on three occasions knowing the consequences under Rule 37, Fed.R.Civ.P., can include dismissal of her case. As set forth herein, this is the third motion under Rule 37 filed by Defendants in which they seek sanctions including, but not limited to, dismissal.

[8] Ironically, Plaintiff moves for default judgment (see Document #s 188, 289) based on Defendants' failure to file pretrial disclosures. At the same time, she is refusing to participate in the discovery process.

The harsh sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642-43 (1976).  While sanctions are appropriate for the conduct set forth in Defendants' first Motion to Dismiss or for Sanctions and for the conduct set forth in their second Motion for Sanctions, dismissal would have been too harsh.  However, considering Plaintiff's conduct through the entire course of this litigation, including the conduct set forth in the Third Motion for to Dismiss or for Sanctions (and Plaintiff's repeated failure to appear for her deposition) any sanction less than dismissal would be inappropriate.  Defendants' first two motions have been subsumed by the third motion.  Therefore, Defendants' Motion to Dismiss or for Sanctions (Document #s 65, 165) and Motion for Sanctions (Document #s 155, 260)are moot, and it is recommended that the Motion to Dismiss or for Sanctions  (Document #s 168, 272) be granted and this case dismissed.

If the district judge disagrees with this recommendation, it is recommended that Defendants' Motion to Dismiss or for Sanctions (Document #s 168, 272)[9] be granted in part and denied in part. Specifically, it is recommended that Plaintiff be required to pay the attorneys' fees and costs Defendants have incurred relating to Plaintiff's repeated failure to appear at her own deposition. Defense counsel should be required to provide an affidavit setting forth such costs and attorneys' fees. Additionally, Plaintiff should be required to pay this amount within a thirty-day period.  After Plaintiff pays the amount, she should be required to appear for her deposition at defense counsel's

---

[9]Again, Defendants' Motion to Dismiss or for Sanctions (Document #s 65, 165) and Motion for Sanctions (Document #s 155, 260)are incorporated and subsumed within this Motion.

office on a date set by the court and she should be required to pay all costs and attorneys' fees incurred by Defendants to take her deposition. If Plaintiff fails to pay the amount within the thirty-day period, or if she pays the amount but again refuses to appear for her deposition, it will again be recommended that this case be dismissed.

### III.     CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss or for Sanctions (Document #s 65, 165) and Defendants' Motion for Sanctions (Document #s 155, 260) are moot, and it is recommended that Defendants' Motion to Dismiss or for Sanctions (Document #s 168, 272) be granted and this case be dismissed.

In the alternative, it is recommended that Defendants' Motion to Dismiss or for Sanctions (Document #s 168, 272) be granted in part and denied in part as set forth above.

All further deadlines in the Scheduling Order are stayed pending a ruling on this Report and Recommendation. If the district judge accepts the alternative recommendation, the undersigned will issue an amended Scheduling Order following the ruling.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 22, 2008  
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**