IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOYCE E. ROWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:06-1873-TLW-TER |
| | ) | 4:07-1636-TLW-TER |
| CITY OF NORTH MYRTLE BEACH, | ) | |
| and JOHN SMITHSON, City Manager; | ) | |
| JOEL DAVIS, Assistant City Manager; | ) | |
| KEVIN BLAYTON, Public Works | ) | |
| Director, individually and in their | ) | |
| representative capacities as employees | ) | |
| of the City of North Myrtle Beach; | ) | |
| PLANNING AND DEVELOPMENT | ) | |
| DIRECTOR for the City of North Myrtle | ) | |
| Beach; and CATHY E. MADDOCK as | ) | |
| Personal Representative of the Estate of | ) | |
| Douglas Maddock, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

Plaintiff Joyce E. Rowley ("Plaintiff") filed Civil Action No. 06-cv-1873 on June 26, 2006.

Plaintiff also filed Civil Action No. 07-cv-1636 which was removed to Federal Court on June 12,

2007.

This matter now comes before this Court for review of the Report and Recommendation ("the

Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had

previously been assigned. (Doc. #190, 291[1]). In the Report, the Magistrate Judge recommends that

Defendants' Motion to Dismiss or for Sanctions be granted, and the District Court dismiss the action.

---

[1]The first number listed reflects the document number in 4:07-1636, the lead case. The second number reflects the document number in 4:06-1873.

(Doc. #190, 291). In the alternative, the Magistrate Judge recommends that Defendant's Motion to Dismiss or for Sanctions, be granted in part and denied in part. (Doc. #190, 291). The plaintiff filed objections to the report. (Doc. #199, 300). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the alternative recommendation of the Magistrate Judge. (Doc. #190, 291). Therefore, for the reasons articulated by the Magistrate Judge, it is hereby ordered that Defendants' Motion to Dismiss or for Sanctions be **GRANTED** in part and **DENIED** in part as recommended by the Magistrate Judge. This Court notes the Magistrate Judge indicates in the Report that he will issue an Amended Scheduling Order to address the issues raised in the Report.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
United States District Judge

October 31, 2008

2

Florence, South Carolina