UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOYCE E. ROWLEY,                             ) | Civil Action No.: 4:06-1873-TLW-TER |
| ) | 4:07-1636-TLW-TER |
| Plaintiff,    ) | |
| ) | |
| -vs-                             ) | |
| ) | |
| CITY OF NORTH MYRTLE BEACH,          ) | |
| and JOHN SMITHSON, City Manager;    ) | |
| JOEL DAVIS, Assistant City Manager; ) | **REPORT AND RECOMMENDATION** |
| KEVIN BLAYTON, Public Works         ) | **AND ORDER** |
| Director, individually and in their  ) | |
| representative capacities as employees ) | |
| of the City of North Myrtle Beach;   ) | |
| PLANNING AND DEVELOPMENT              ) | |
| DIRECTOR for the City of North Myrtle ) | |
| Beach; and CATHY E. MADDOCK  as      ) | |
| Personal Representative of the Estate of ) | |
| Douglas Maddock;                      ) | |
| ) | |
| Defendants.   ) | |
| _____ ) | |

**I.   INTRODUCTION**

Presently before the Court is Defendants John Smithson, Joel Davis, Kevin Blayton, and Cathy Maddock's (collectively, "individual Defendants) Motion to File Answer Out of Time, or, in the Alternative, for Partial Dismissal (Document # 240 in C/A No. 4:06-1873-TLW-TER)[1], Plaintiff's Motion for Default Judgment (Document # 254, 151)[2], Plaintiff's Motion for Declaratory Judgment (Document # 274, 169) and Plaintiff's Motion for Default Judgment (Document # 289, 188).[3]   All

---

[1] Although this case is consolidated with 4:07-1636-TLW-TER, the Motion to File Answer Out of Time, or, in the Alternative, for Partial Dismissal, was filed only in the first case, presumably because it pertains only to the Complaint in the first case.

[2] The first number listed is the number in 4:06-1873-TLW-TER; the second is the number in 4:07-1636-TLW-TER.

[3] Other motions are pending and will be addressed by separate Order.

pretrial proceedings have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II.     PROCEDURAL HISTORY

This case has a very complicated and protracted procedural history. The history relevant to these motions is set forth below. Plaintiff filed this employment action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, and the South Carolina Freedom of Information Act on June 26, 2006. On October 27, 2006, Defendant City filed an Answer (Document # 23) and the individual Defendants filed a Motion to Dismiss (Document # 24), arguing that neither Title VII nor the state Freedom of Information Act provides for any cause of action against individual employees. Thereafter, Plaintiff filed a Motion to Amend her Complaint (Document # 28) to add a state law cause of action for wrongful termination. During a telephonic status conference held on April 17, 2007, counsel for Defendants withdrew the Motion to Dismiss (Document # 24) on behalf of the individual Defendants in light of Plaintiff's Motion to Amend.

Plaintiff also filed a separate lawsuit in state court asserting claims for wrongful termination, fraud, deceit, and misrepresentation. Defendants removed the state court action to this Court, C/A No. 07-1636-TLW-TER. Defendants filed a Motion to Consolidate (Document # 107, 6) the two cases. The undersigned entered an Order (Document # 126, 28) granting the Motion to Consolidate and finding as moot Plaintiff's Motion to Amend her Complaint since the consolidated cases included a cause of action for wrongful termination, which is what Plaintiff sought to allege through the amended Complaint.

Plaintiff filed another Motion to Amend her Complaint (Document # 179, 78) on January 11, 2008. The undersigned entered an Order (Document # 233, 131) granting Plaintiff's Motion and the

Amended Complaint (Document # 242, 138) was filed on May 30, 2008. According to the individual Defendants, when they began preparing their Answer to the Amended Complaint, counsel realized that no Answer had been filed after the individual Defendants withdrew their Motion to Dismiss. Thus, they filed their Motion to File Answer Out of Time, or, in the Alternative, for Partial Dismissal. Defendants also timely filed an Answer to the Amended Complaint. Plaintiff subsequently filed a Motion for Default Judgment.

### III.    DISCUSSION

    A.    Motion to File Answer Out of Time, or, in the Alternative, for Partial Dismissal

The individual Defendants note in their memorandum that, although they believe their Answer to the Amended Complaint fully responds to the allegations currently pending in the consolidated cases, they seek to file an Answer to the original Complaint out of an abundance of caution. The individual Defendants' Motion is not necessary. The original Complaint is no longer controlling and the individual Defendants need not file an Answer to it in light of the fact that an Amended Complaint is in place and Defendants timely filed an Answer to the Amended Complaint. As stated by one court, "[t]he original complaint was, in a sense, amended out of existence." Thomas v. Southeastern Pennsylvania Transp. Authority, 1989 WL 11222, *1 (E.D.Pa.,1989); see also LeBrew v. Reich, 2006 WL 1662595, *4 (E.D.N.Y.,2006) ("Pursuant to Rule 15(a), a defendant's time to answer is renewed upon the filing of each successive amended complaint."). Therefore, the Motion to File Answer Out of Time is moot.[4] The Court need not address the alternative Motion for Partial Dismissal.[5]

---

[4] Assuming arguendo, it was necessary to file an Answer to the original Complaint, the individual Defendants have shown the requisite excusable neglect under Rule 6(b)(1)(B), Fed.R.Civ.P. for allowing the filing of an Answer out of time. The factors to be considered include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable

B.	Plaintiff's Motions for Default Judgment

Plaintiff's first Motion for Default Judgment (Document # 254, 151) fails for the same reasons the Motion to File Answer Out of Time is moot. Plaintiff filed her Motion for Default Judgment after the individual Defendants filed their Motion and after Defendants filed an Answer to the Amended Complaint. Thus, although the individual Defendants were technically in default when they failed to file an Answer to the original Complaint, their default was essentially cured by the filing of an Amended Complaint and their timely Answer to the Amended Complaint.[6] Accordingly, it is recommended that Plaintiff's first Motion for Default Judgment be denied.

Plaintiff filed a second Motion for Default Judgment (Document # 289, 188) pursuant to Rules 37(c)(1)(C) and 37(b)(2)(A)(vi) for Defendants' failure to file pretrial disclosures and failure to comply with a court order. Pretrial disclosures were originally due on October 2, 2007. However, an Amended Scheduling Order changed the deadline to March 17, 2008. Defendants failed to file pretrial disclosures by this deadline. Another Amended Scheduling Order was entered on May 30, 2008,

---

control of the movant, and whether the movant acted in good faith." Pioneer Investment Svcs Co. v. Brunswick Associated Ltd. P'ship, 507 U.S. 380, 395 (1993). Plaintiff would certainly not be prejudiced by allowing the individual Defendants to answer because the original Complaint is no longer in effect and the Amended Complaint has been answered. Although there was an extremely long delay in the individual Defendants' realization that no Answer had been filed, the delay has no impact on the judicial proceedings because a new Complaint has been filed and is controlling. Further, the reason for the delay is clearly simple inadvertence and there is no evidence of bad faith. All Defendants have actively litigated this case and there is no indication that they purposefully failed to answer the original Complaint.

[5]The undersigned notes, however, that it is well established Title VII does not provide for individual liability. Lissau v. Southern Food Svc., Inc., 159 F.3d 177 (4th Cir. 1998).

[6]Furthermore, technical default does itself warrant default judgment. See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A defendant in default "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. In the present case, default judgment would not be appropriate on the claims pleaded against the individual Defendants in the original Complaint. See footnote 4.

which extended the deadline for pretrial disclosures until August 15, 2008. On August 14, 2008, Defendants filed a Motion to Hold in Abeyance the deadline for pretrial disclosures, arguing that Plaintiff's repeated refusals to sit for her deposition have prevented them from completing discovery and submitting dispositive motions. Plaintiff filed the present Motion for Default Judgment on August 18, 2008.

The undersigned has already discussed at length in the Report and Recommendation (Document # 291, 190) filed August 22, 2008, Plaintiff's bad faith in failing to appear for her deposition on three separate occasions and the prejudice caused to Defendants by Plaintiff's actions. The undersigned also noted the irony in Plaintiff's Motion for Default Judgment in light of Plaintiff's refusal to appear for her deposition.

Unlike Plaintiff's failure to appear for her deposition, Defendants' failure to file pretrial disclosures does not prejudice Plaintiff at this point in the litigation. Pretrial disclosures are made after the close of discovery and prior to trial. The purpose of pretrial disclosures is to put the opposing party and the court on notice of the witnesses, deposition testimony and other evidence that may be offered at trial. Litigants cannot be expected to make such disclosures prior to the close of discovery because the determinations about what evidence to present at trial are based upon the information gathered during the discovery process. Rule 26(a)(3)(B) provides that pretrial disclosures must be made at least thirty days before trial unless otherwise ordered by the court. This Court provides a specific deadline for pretrial disclosures that falls after the deadlines for discovery and dispositive motions and thirty days before the jury selection and trial date. It is not uncommon for parties to request that the pretrial disclosure deadline be held in abeyance until the Court has ruled on any pending dispositive motions because such rulings also help determine the evidence to be presented at trial.

Because of the protracted course the discovery process has taken in this case, Defendants were not acting in bad faith by moving to hold the pretrial disclosure deadline in abeyance pending the close of discovery and the outcome of any dispositive motions that may be filed.  Once discovery is complete and the Court has ruled upon any dispositive motions filed on the merits of this case, pretrial disclosures should then be made[7] and the parties will have ample time to review and, if necessary, object to such disclosures prior to trial.

Rule 37(c)(1), Fed.R.Civ.P., provides that the court should exclude from trial the evidence a party fails to disclose unless the failure was substantially justified or is harmless.  Default judgment is also available instead of or in addition to this sanction in the court's discretion.  See Rule 37(b)(2)(A)(vi), Fed.R.Civ.P.  For the reasons discussed above, Defendants failure to make pretrial disclosures by the deadline in the Amended Scheduling Order is both substantially justified and harmless.  Therefore, Plaintiff's Motion for Default Judgment (Document # 289, 188) should be denied.[8]

C.    Plaintiff's Motion for Declaratory Judgment

Plaintiff moves for declaratory judgment on her Freedom of Information Act (FOIA) claims under Rule 57, Fed.R.Civ.P.  Plaintiff seeks production of certain documents previously requested by Plaintiff in various FOIA requests, payment of fees and costs incurred by Plaintiff to prosecute the claim and any other remedies as the Court sees fit.  To the extent Plaintiff is seeking judgment that

---

[7]An Amended Scheduling Order is being entered herewith.  As such, Defendants' Motion to Hold Pretrial Deadlines in Abeyance (Document # 287, 186) is **GRANTED**.

[8]In addition to her Motion for Default Judgment, Plaintiff filed Objections (Document # 295, 194) to Defendants' pretrial disclosures, which, in light of the fact that Defendants have yet to file any pretrial disclosures, is essentially an objection to any attempt by Defendants to file pretrial disclosures in the future.  For the reasons discussed above, Defendant's Motion to Strike (Document # 296, 195) Plaintiff's Objections is **GRANTED**.

Defendants have violated her rights under the FOIA, Rule 57, Fed.R.Civ.P., is not the proper means of adjudicating her claim. See Corliss v. O'Brien, 200 Fed. Appx. 80, 84 (3rd Cir. 2006) (holding declaratory judgment is inappropriate solely to adjudicate past conduct or as a means to proclaim that one party is liable to another). To the extent she is seeking discovery of certain documents, again, Rule 57 is not the appropriate vehicle for obtaining discovery from an opposing party. Accordingly, Plaintiff's Motion for Declaratory Judgment should be denied.

## IV.   CONCLUSION

For the reasons discussed above, it is recommended that the individual Defendants' Motion to File Answer Out of Time, or, in the Alternative, for Partial Dismissal (Document # 240 in C/A No. 4:06-1873-TLW-TER) be deemed moot, Plaintiff's Motion for Default Judgment (Document # 254, 151) be denied, Plaintiff's Motion for Declaratory Judgment (Document # 274, 169) be denied and Plaintiff's Motion for Default Judgment (Document # 289, 188) be denied.

                                                              s/Thomas E. Rogers, III
                                                              Thomas E. Rogers, III
                                                             United States Magistrate Judge

February 23, 2009
Florence, South Carolina

**The parties are directed to the important information on the following page.**