IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOYCE E. ROWLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:06-1873-TLW-TER |
| ) | 4:07-1636-TLW-TER |
| CITY OF NORTH MYRTLE BEACH, ) | |
| and JOHN SMITHSON, City Manager; ) | |
| JOEL DAVIS, Assistant City Manager; ) | |
| KEVIN BLAYTON, Public Works ) | |
| Director, individually and in their ) | |
| representative capacities as employees ) | |
| of the City of North Myrtle Beach; ) | |
| PLANNING AND DEVELOPMENT ) | |
| DIRECTOR for the City of North Myrtle ) | |
| Beach; and CATHY E. MADDOCK as ) | |
| Personal Representative of the Estate of ) | |
| Douglas Maddock, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# ORDER

Plaintiff Joyce E. Rowley ("plaintiff") filed Civil Action No. 06-cv-1873 on June 26, 2006. Plaintiff also filed Civil Action No. 07-cv-1636 which was removed to Federal Court on June 12, 2007. The plaintiff now resides in Massachusetts.

On March 12, 2009, United States Magistrate Judge Thomas E. Rogers, III, issued an Order requiring the plaintiff to pay attorney's fees and costs to the defendants in the amount of $11,985.44 by April 13, 2009. (Doc. #225, 326[1]). The March 12, 2009 Order also directed plaintiff to appear for her deposition at defense counsel's office at 10:00 a.m. on April 17, 2009. (Doc. #225, 326).

---

[1]The first number listed reflects the document number in C/A No. 4:07-1636, the lead case. The second number reflects the document number in C/A No. 4:06-1873.

The Order further noted that if the plaintiff fails to pay the fees and costs by April 13, 2009 or fails to appear for her deposition on April 17, 2009, the Magistrate Judge will again recommend that the case be dismissed. (Doc. #225, 326).

On March 30, 2009, the plaintiff filed objections to the provisions of the Magistrate Judge's Order requiring her to pay fees and costs to the defendant. (Doc. #234, 342). On March 31, 2009, the plaintiff filed objections to the provisions of the Magistrate Judge's Order requiring her to attend a deposition or face dismissal. (Doc. #237, 345). The defendants filed a reply to each of the plaintiff's objections. (Doc. #239, 347)(Doc. #240, 348). This Court overruled the plaintiff's objections and affirmed the Magistrate Judge's Order on April 7, 2009. (Doc. #241, 349).

The plaintiff then filed a motion for reconsideration of this Court's October 31, 2008 Order which adopted the Magistrate Judge's August 22, 2008 recommendation that the plaintiff be required to pay the fees and costs associated with her missed depositions and be required to appear for a deposition on a specified date. (Doc. #243, 351). The defendants filed a response to the plaintiff's motion to reconsider on April 15, 2009. (Doc. #246, 354). The plaintiff filed a reply to the defendants' response on April 27, 2009. (Doc. #255, 363). On May 6, 2009, this Court entered an Order denying the plaintiff's motion to reconsider this Court's October 31, 2008 Order. (Doc. #259, 367).

On April 15, the defendants filed a motion to dismiss this action based on the plaintiff's noncompliance with the Magistrate Judge's Order directing the plaintiff to pay the fees and costs ordered by this Court or to appear for her deposition. (Doc. #245, 353). The plaintiff filed a response in opposition to this motion on May 8, 2009. (Doc. #261, 369). The defendants filed a reply to this response on the same day. (Doc. #263, 371). This matter is now before the Court for

2

consideration of the Magistrate Judge's Report and Recommendation ("the Report") issued on June 1, 2009. (Doc. #278, 386). In the Report, the Magistrate Judge recommended that the defendants' motion to dismiss be granted and that this action be dismissed with prejudice. (Doc. #278, 386). The plaintiff filed objections to the Report on June 18, 2009. (Doc. #287, 395[2]). The defendants replied to the plaintiff's objections on June 23, 2009. (Doc. #289, 398). In conducting a review of the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This Court is well-aware of these consolidated actions, and has conducted a detailed review of numerous documents filed by the parties over the course of this litigation. In a prior Report and Recommendation, the Magistrate Judge detailed the plaintiff's misconduct in this action at length. (Doc. #190, 291). This misconduct includes the plaintiff's failure to appear for her deposition on three separate occasions, the failure to provide documents to the defendants after defense counsel made arrangements for her to do so at their cost, the filing of improper objections to interrogatories,

---

[2] The Court notes that there appears to have been some confusion with the filing date of the objections in C.A. No. 4:06-1873, and that a duplicate copy of the objections have been docketed at (Doc. #397). The Court notes that the objections are timely, and have been fully considered by this Court.

and the filing of a frivolous appeal in an attempt to circumvent the Orders of this Court. (Doc. #190, 291). As highlighted by the Magistrate Judge, the plaintiff's conduct has greatly prejudiced the defendants in this case. (Doc. #190, 291). The Court further notes that the plaintiff has failed to pay the fees and costs required by Court Order to be paid no later than April 13, 2009, and has failed to attend her deposition as required by Court Order. These consolidated actions cannot properly proceed without the testimony of the plaintiff. Further, the plaintiff's noncompliance with an Order of this Court and those of the Magistrate Judge cannot be excused. The plaintiff has had ample warning of the consequences of this noncompliance. She is solely responsible for her failure to prosecute her own case, and has provided no persuasive reasons for her abject failure to properly prosecute her case.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report of the Magistrate Judge. (Doc. #278, 386). Therefore, for the reasons articulated by the Magistrate Judge and by this Court herein, these consolidated actions are **DISMISSED** with prejudice.

All other pending motions are dismissed as **MOOT**.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>United States District Judge

August 21, 2009
Florence, South Carolina