UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOYCE E. ROWLEY, | Civil Action No.: 4:06-1873-TLW-TER |
| | 4:07-1636-TLW-TER |
| Plaintiff, | |
| -vs- | |
| CITY OF NORTH MYRTLE BEACH, and JOHN SMITHSON, City Manager; JOEL DAVIS, Assistant City Manager; KEVIN BLAYTON, Public Works Director, individually and in their representative capacities as employees of the City of North Myrtle Beach; PLANNING AND DEVELOPMENT DIRECTOR for the City of North Myrtle Beach; and CATHY E. MADDOCK as Personal Representative of the Estate of Douglas Maddock; | **REPORT AND RECOMMENDATION** |
| Defendants. | |

**I. INTRODUCTION**

These consolidated cases were dismissed by Order dated August 21, 2009. Plaintiff filed a Notice of Appeal on August 27, 2009. The Court of Appeals for the Fourth Circuit entered its Opinion affirming this Court's Order dismissing the case on December 16, 2009. The Mandate was filed February 3, 2010. Presently before the Court are Defendants' Bill of Costs (Documents # 414, 305)[1] and Plaintiff's Motion for Costs (Documents # 425, 316).

**II. DEFENDANTS' BILL OF COSTS**

Defendants file a Bill of Costs pursuant to 28 U.S.C. § 1920, Rule 54(d), Fed.R.Civ.P., and

---

[1]The first document number refers to Civil Action No. 4:06-1873-TLW-TER and the second document number refers to Civil Action No. 4:07-1636-TLW-TER.

Local Civil Rule 54.03, D.S.C., seeking $7,411.15 in costs as the prevailing parties in these actions. Defendants seek costs of $350 for fees of the clerk, $885.70 for fees of the court reporter for transcripts from one telephone conference and two hearings, and $6,175.45 for costs associated with the taking of depositions.

Plaintiff objects to the fees of the court reporter as unnecessary. Title 28, section 1920(2), of the United States Code allows costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Local Civil Rule 54.03(C)(1)(a), D.S.C., provides that

> (a) The costs of the original of a trial transcript, daily transcript, and of a transcript of matters prior or subsequent to trial are taxable:
> (i) When requested by the Court (which is rare). Mere acceptance by the Court does not constitute a request;
> (ii) At trial stage when, prior to incurring expense, the Court determines that it is necessary;
> (iii) When prepared pursuant to stipulation of parties with agreement to tax as costs; and
> (iv) When used on appeal.

None of the circumstances set forth above are present in this case. Thus, the court will not tax the fees of the court reporter.

Plaintiff also objects to the deposition costs sought by Defendants. Local Rule 54.03(H) provides,

> (H) Costs Incident to Taking Depositions (28 U.S.C. § 1920(2)). This includes stenographer's fee, costs of original transcription, and postage.
> (1) Depositions used at trial in lieu of live witness;
> (2) Discovery depositions introduced as part of the record on motion for summary judgment if the prevailing party in the case prevails on summary judgment;
> (3) Depositions used during trial for impeachment purposes where the party using the deposition for impeachment prevails;
> (4) Depositions not admitted at trial but which were "reasonably necessary" at the time of their taking. See, e.g., LaVay Corporation v. Dominion Federal Savings & Loan Association, 830 F.2d 522, 528 (4th Cir. 1987).

Defendants seek expedited transcription costs of the depositions of city employees Paul Blust and Verlinda Jones in the amount of $5,916.15. Defendants assert that an expedited transcript was necessary because Plaintiff's actions during the depositions required him to move for a protective order, which must be filed within 5 days of the date of the depositions pursuant to Local Civil Rule 30.04(C), D.S.C. Although these depositions were noticed and taken by Plaintiff, the undersigned finds that transcripts were reasonably necessary to Defendants for their Motion for Protective Order. However, the additional amounts for expedited transcripts were not necessary. Based upon the record presented, Defendants could have filed their Motion for Protective Order within the time set forth by the Local Rules and later supplemented the Motion with specific references to the transcript once they received it. A review of the Invoice for these depositions (attached as Exhibit E to Defendants' Bill of Costs) reveals that the cost for copies of the depositions of Paul Blust and Verlinda Jones, minus the expedited fees and the additional costs associated with the depositions (such as fees for condensed copies, large notebooks, digital library, etc.) totals $1,085.50. Thus, the court will award Defendants costs for these depositions in the amount of $1,085.50.

Defendants also seek $259.30 in costs associated with Plaintiff's failure to appear at her deposition on July 8, 2008. However, these costs have already been awarded to Defendants in the Order (Document # 326, )dated March 12, 2009. Thus, these duplicate request for costs is denied.

In sum, for the reasons set forth above, it is recommended that costs be taxed in the amount $1,435.50 ($350 in fees of the clerk and $1085.50 in fees for deposition transcripts).

### III.  PLAINTIFF'S MOTION FOR COSTS

Plaintiff also files a Motion for Costs pursuant to Rule 54(d), Fed.R.Civ.P., and Local Civil Rule 54.03, D.S.C., seeking $4,456.80 for the "five motions to compel she prevailed on over the

course of the litigation." Local Civil Rule 54.03, D.S.C., requires that a bill of costs be filed "within the time limits set by Fed. R. Civ. P. 54(d)(2)(B) for applications for attorney's fees." Id. The rule further provides that failure to comply "with this time limit shall be deemed a waiver of any claim for costs." Id. Rule 54(d)(2)(B) requires that a motion for attorney's fees "be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Judgment was entered in these cases on August 21, 2009. Thus, it is recommended that Plaintiff's Motion for Costs (Documents # 425, 316) be denied.

**IV.  CONCLUSION**

For the reasons discussed above, it is recommended that Plaintiff be taxed costs in the amount of $1,435.50 and that Plaintiff's Motion for Costs (Documents # 425, 316) be denied.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 18, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**